RAY FENTRESS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 23, 1975.*

RAY FENTRESS, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on October 27, 1974, at 6537 South Western, Chicago, Illinois. Ray Fentress, a victim of a violent crime, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act." *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Ray Fentress, age 21, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery", (*Ill. Rev. Stat., 1973, ch. 38, §12-4.*)

2. That on October 27, 1974, the claimant was stabbed in the abdomen while fighting outside the Proud Mary Lounge on 6537 South Western, Chicago, Illinois.

3. That the victim was hospitalized from October 27, 1974, to November 6, 1974, and from December 9, 1974, to December 16, 1974, as a result of the incident. A further and more detailed investigation considered by the court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts reported therein are incorporated in this opinion by reference.

4. That statements taken by police investigators shortly after the crime present substantial evidence that the victim provoked the attack. Statements of claimant to the Attorney General further verify evidence of provocation; that the claimant had been drinking to the point of intoxication immediately prior to the incident; that the claimant on at least four separate occasions admitted starting the fight that led to the injury claimed herein. According to §3(f) of the Act, "A person is entitled to compensation under this Act if the injury to or the death of the victim was not substantially attributable to his wrongful act or substantial provocation of his assailant."

It is therefore the finding of this Court that the claimant has failed to meet a required condition precedent to his right to compensation under the Act.

Therefore, the Court finds that no compensation in

this claim is authorized under the aforesaid Act. Accordingly, this matter is closed.